UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:09-CR-107

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHRIS LASHAWN FORD | ) | |
| | ) | |
| Defendant | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Reduced Sentence Under The First Step Act of 2018 (Doc. No. 76) and the United States' Motion to Hold Case in Abeyance (Doc. No. 79). After reviewing the motions, the Court enters the following Order.

I.     BACKGROUND

On July 23, 2009, Defendant Chris Ford was charged by a federal grand jury through a superseding indictment with seven offenses related to drug trafficking and firearms possession. (Doc. No. 14). Plaintiff entered into a plea agreement with the Government, pursuant to which he pleaded guilty to three offenses: (1) one count of conspiring to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); (2) one count of possessing with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and (3) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. No. 26 ¶ 1). In exchange, the Government dismissed all remaining counts and agreed not to seek enhanced penalties for Defendant's prior convictions, pursuant to 21 U.S.C. § 851. (Id. ¶¶ 2–3). The parties also agreed that, "[w]ith regard to the United States Sentencing Guidelines," they would "jointly recommend that the court" find "[t]he amount of cocaine base/crack cocaine that was known to or reasonably foreseeable by the

1

Defendant was 304.4 grams." (Id. ¶ 8).

The United States Probation Office prepared a presentence investigation report to assist the Court with sentencing. As to Defendant's drug offenses, the Office found him responsible for 291.96 grams of crack cocaine and 148 grams of power cocaine. (Doc. No. 34 ¶ 22). Factoring in Defendant's acceptance of responsibility, the Office concluded that his total offense level was 29. (Id. ¶ 33). Next, the Office cross-referenced that offense level with Defendant's criminal history category of II, producing a recommended Guidelines range of 97 to 121 months' imprisonment. (Id. ¶ 59). Nevertheless, because Defendant's drug offenses involved at least 50 grams of crack cocaine, a statutory mandatory minimum required at least ten years' imprisonment. (Doc. No. 38). Adopting the presentence report in relevant part, the Court concurrently sentenced Defendant to ten years' imprisonment on each drug offense. (Id. at 2).

After Defendant's conviction, Congress enacted the Fair Sentencing Act, Pub. L. 111-220, § 2 (2010), which "reduced the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and power cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016). Relevant here, the Fair Sentencing Act "increased the drug amounts triggering [the 10-year] mandatory minimum[] for crack trafficking offenses . . . from 50 grams to 280 grams[.]" Dorsey v. United States, 567 U.S. 260, 269 (2012). Next, in December 2018, Congress enacted the First Step Act, which provides that a "court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404 (2018).

In August 2019, Defendant moved for a reduction in his sentence pursuant to The First Step Act. (Doc. No. 76). The Government opposes that motion and requests that the Court hold

this case in abeyance pending two pertinent Fourth Circuit decisions: <u>United States v. Johnson</u>, No. 19-7028, and <u>United States v. Washington</u>, No. 19-7042. (Doc No. 79).

## II. ANALYSIS

This Court has "broad discretion" to stay its proceedings pending the resolution of independent proceedings occurring elsewhere. <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997); <u>see</u> <u>Rice v. Astrue</u>, No. 4:06cv2770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (same). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>United States v. Oliver</u>, 878 F.3d 120, 124 (4th Cir. 2017).

Where the non-movant objects to a stay, this Court must "ascertain" whether a stay should issue by "balanc[ing]" its "benefit[s]" of a stay with any resultant "hardship." <u>Landis</u>, 299 U.S at 259; <u>see</u> <u>Jones</u>, 520 U.S. at 706. For a stay to issue, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." <u>Williford v. Armstrong World</u>, 715 F.2d 124, 127 (4th Cir. 1983); <u>see</u> <u>Jones</u>, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.").

As to the merits of Defendant's motion, the parties' disagreement is twofold. To begin, the parties diverge on whether the First Step Act statutorily authorizes the Court to reduce Defendant's sentence. Second, assuming it does, the parties dispute whether a reduction is warranted here. As explained below, pending Fourth Circuit cases are likely to address both of these issues, so a stay will greatly further judicial economy. Moreover, any potential harm to Defendant from a stay will be minimal—and in fact, Defendant may actually benefit from a stay. As such, this Court will stay its proceedings pending relevant Fourth Circuit decisions.

First, the parties disagree whether Defendant's conviction is a "covered offense" under the First Step Act. The Government argues that Defendant's offense is not "covered" because this Court found him responsible for 291.96 grams of crack cocaine—an amount that still would have subjected Defendant to a ten-year statutory minimum, despite the new thresholds established by The Fair Sentencing Act. (Doc. No. 78). By contrast, Defendant contends that his offense is "covered" because the First Step Act modified the statutory penalties for the offenses. Put simply, the parties disagree whether the "statute of conviction" or a defendant's "actual conduct" "controls eligibility [for relief] under the First Step Act." United States v. Springs, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092, at *3 (W.D.N.C. July 23, 2019) (quoting United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019)); see United States v. Robinson, No. CR PJM 02-0227, 2019 WL 3867042, at *3 (D. Md. Aug. 15, 2019) (collecting cases).

That question is squarely before the Fourth Circuit in Johnson and Washington, which have been consolidated for appeal. Indeed, the facts in Washington's case are almost identical to Defendant's. Pursuant to an agreement with the Government, Washington pleaded guilty of conspiring to distribute at least 50 grams of crack cocaine. *See* Joint Appendix at 226, United States v. Washington, No. 19-7042 (Doc. No. 13). In the agreement, Washington admitted he was responsible for distributing, or reasonably foresaw that his co-conspirators distributed, between 50 grams and 1.5 kilograms. Id. at 226–27. Because Washington admitted to at least 50 grams, he was subjected to a ten-year mandatory minimum. Id. at 231. Defendant later moved for a sentence reduction pursuant to the First Step Act. Despite Defendant's actual conduct, the district court granted that motion. Id. at 195. On appeal, the Government presents the exact issue in this case: whether "Section 404 of the First Step Act . . . directs a [district] court

4

to consider solely the drug quantity alleged in the indictment in determining eligibility for a sentence reduction [or] instead requires [the] court to consider a defendant's conduct." Br. of United States at i, United States v. Washington, No. 19-7042 (Doc. No. 12) (emphases added).

Johnson and Washington may also provide guidance on other pertinent issues for Defendant's motion. If the Court were to hold that Defendant is statutorily eligible for relief, it would next need to determine what relief, if any, to award. See Springs, 2019 WL 3310092, at *3. Defendant requests a reduction in part because he has rehabilitated himself since his sentencing, completing several education programs and work assignments while incurring only one minor infraction six years ago. (Doc. No 76). Whether the First Step Act allows the Court to "consider[] post-sentencing rehabilitation" when reducing a sentence is highly disputed. United States v. Rose, 379 F. Supp. 3d 223, 231 (S.D.N.Y. 2019) (discussing cases); see, e.g., United States v. Black, 388 F. Supp. 3d 682, 686 (E.D. Va. 2019); United States v. Robinson, No. CR PJM 02-0227, 2019 WL 3867042, at *3 (D. Md. Aug. 15, 2019). Again, the Fourth Circuit is likely to provide guidance on this issue in Johnson and Washington. In its brief, the Government has argued that First Step Act motions should be construed as motions to reduce a sentence under 18 U.S.C. § 3582(c), which is a narrow avenue for relief and "not a do-over of an original sentencing proceeding." Br. of United States at 22, United States v. Washington, No. 19-7042 (Doc. No. 12); see United States v. Glover, 377 F. Supp. 3d 1346, 1353 (S.D. Fla. 2019). Several courts have disagreed, holding that The First Step Act affords the Court with a broader grant of authority to consider "post-sentencing factual developments." See Rose, 379 F. Supp. 3d at 235; see also United States v. Dodd, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019).

As discussed, pending Fourth Circuit cases could provide substantial guidance on two critical issues for this appeal. But despite the benefits of a stay, Defendant contends he will suffer

hardship because he will be denied release until "the indefinite point . . . at which the Fourth Circuit decides the pending appeals[.]" (Doc. No. 80, p. 3). Defendant's purported hardship is predicated on a presumption that the First Step Act <u>entitles</u> him to relief. Such a presumption is not warranted. Typically, "once a pronounced sentence in a criminal case becomes final and unappealable, it may not be modified." <u>United States v. Goodwyn</u>, 596 F.3d 233, 235 (4th Cir. 2010) (quoting <u>United States v. Caraballo</u>, 552 F.3d 6, 9 (1st Cir. 2008)); <u>see</u> <u>Oliver</u>, 878 F.3d at 125 (recognizing that a conviction is "the end of the appellate process" and "presumptively valid"). The First Step Act modifies this rule by granting courts discretion to reduce sentences for covered offenses. But the Act emphatically states that it does not "require" courts to reduce any sentence. First Step Act, Pub. L. 115-391, § 404(c) (2018); <u>see</u> <u>Rose</u>, 379 F. Supp. 3d at 231. In other words, the "First Step Act makes clear that even if a defendant is eligible for a sentence reduction, the decision whether to grant a reduction remains within the district court's discretion." <u>United States v. Black</u>, 388 F. Supp. 3d 682, 687 (E.D. Va. 2019).

In fact, a stay in this case may actually <u>benefit</u> Defendant rather than harm him. Without appellate guidance, this Court might hold that it is precluded from considering post-sentencing rehabilitation evidence. <u>See</u> <u>Glover</u>, 377 F. Supp. 3d at 1353. If the Fourth Circuit makes clear that Section 3582 strictures do not apply to First Step Act motions, then this Court would be liberated to consider additional, favorable evidence which could increase Defendant's likelihood of success on his motion to reduce his sentence.

Judicial economy is furthered by placing this case in abeyance pending <u>Johnson</u> and <u>Washington</u>; the consolidated decision "may not settle every question of fact and law in [this case], but in all likelihood it will settle many and simplify them all." <u>Landis</u>, 299 U.S. at 256. As the Supreme Court explained, litigants sometimes must "submit to delay not immoderate in extent and

6

not oppressive in its consequences if the public welfare or convenience will thereby be promoted."

Id. Balancing these interests, the Court concludes a stay is warranted here.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Hold Case in Abeyance (#79) is **GRANTED**. Defendant's Motion for Reduced Sentence Under The First Step Act of 2018 (#76) is thus held in **ABEYANCE** pending the Fourth Circuit's decisions in United States v. Johnson, No. 19-7028, and United States v. Washington, No. 19-7042.

Signed: September 20, 2019

Max O. Cogburn Jr
United States District Judge