**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO: 3:09-CR-00107-MOC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **CHRIS LASHAWN FORD,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Lift Stay (#90). On September 20, 2019, this Court entered an Order holding Defendant's First Step Act motion in abeyance pending the Fourth Circuit's decision in the consolidated appeal of United States v. Johnson, No. 19-7028, and United States v. Washington, No. 19-7042. In so doing, the Court recognized that the consolidated appeal would resolve two pertinent questions: (1) "whether Defendant's conviction is a 'covered offense' under the First Step Act" and (2) whether the "Section 3582 strictures . . . apply to First Step Act motions." (#81).

The Fourth Circuit addressed each of these questions in United States v. Wirsing, 943 F.3d 175, 182 (4th Cir.), as amended (Nov. 21, 2019). As to the former, the Court held that eligibility turns on the "statute-of-conviction" rather than the "relevant offense conduct." Id. And as to the latter, the Court reasoned "there is no reason to suppose that [First Step Motions] are subject to the restrictions particular to § 3582(c)(1)(B)." Id. at 185. Because Wirsing addressed these pertinent issues, the Court finds that an abeyance is no longer warranted. Accordingly, Court enters the following Order.

1

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Lift Stay (#90) is **GRANTED**, and the parties shall have up to and until January 3, 2020 to file any additional briefing that will help the Court determine whether a sentencing reduction is warranted under the First Step Act in this case. The Court will then hold a hearing on a date to be determined.

Max O. Cogburn Jr
United States District Judge

Signed: December 13, 2019